IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40629

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY EUGENE HUSKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:96-CR-2-1

_____

June 5, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Court-appointed counsel for Billy Eugene Huskey has filed a
brief asserting that Huskey's case presents no non-frivolous
arguments for review and has asked to withdraw.  See Anders v.
California, 386 U.S. 738 (1967).  We have given Huskey an
opportunity to contest the withdrawal, but he has not filed a
response.

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

In accordance with a plea agreement, Huskey pled guilty to a violation of 18 U.S.C. § 922(g)(1). By statute, this offense carries a maximum prison sentence of ten years. 18 U.S.C. § 924(a)(2) (West Supp. 1997). It appears, however, that the district court did not fully comply with Fed. R. Crim. P. 11(c)(1) before accepting the plea, for it did not explain to Huskey the consequences of failing to abide by the terms of his three-year supervised release. If Huskey violates those terms, the district court could impose further time in prison without giving credit for time already served under supervised release. See 18 U.S.C. § 3583(e)(3) (West Supp. 1997).

We are convinced, however, that the district court's error did not "affect substantial rights." See Fed. R. Crim. P. 11(h). Because Huskey pled to a Class C felony, § 3583(e)(3) allows no more than two years of imprisonment after revocation of supervised release. The court sentenced Huskey to 92 months in prison, the minimum available under the sentencing guidelines. At most, then, Huskey might serve 116 months as a result of his plea. As the court advised Huskey before it accepted his plea, the guidelines permit a sentence of as many as 115 months.

If the sentencing guidelines had run from 92-116 months instead of 92-115 months, Huskey would have no reason to complain that the court did not inform him of the potential length of his imprisonment. See United States v. Bachynsky, 934 F.2d 1349, 1353 (5th Cir.) (en banc) (finding harmless error where the "'worst

case' hypothesis" did not give the defendant more prison time than the maximum penalty announced at the plea colloquy), cert. denied, 502 U.S. 951 (1991). In order to win the right to withdraw his plea, Huskey would have to convince the court that the remote possibility of an extra month in prison at the end of a sentence of more than nine years "would have been likely to affect his willingness to plead guilty." United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). We cannot imagine that this minute difference in the ramifications of Huskey's plea could have changed the results of his calculations. See also United States v. Arlen, 947 F.2d 139, 146 (5th Cir. 1991) ("Arlen . . . was willing to plead guilty with the prospect of receiving a substantial jail sentence. [He] has not explained why knowledge of all the requirements attendant to supervised release would have caused him to go to trial rather than enter a plea."), cert. denied, 503 U.S. 939 (1992).

Furthermore, we agree with Huskey's counsel that any error the court might have committed in calculating Huskey's criminal history points did not affect his sentence.

Huskey's counsel's motion to withdraw is GRANTED, and Huskey's appeal is DISMISSED.